**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND LEON JOHNSON, | No. 14-15088 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01843-KJN |
| v. | |
| SHANKIRI REDDY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding[**]

Submitted November 18, 2014[***]

Before:      LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Raymond Leon Johnson, a California state prisoner, appeals pro se from the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). We affirm.

The district court properly dismissed Johnson's action because Johnson's factual allegations and the attachments to the operative complaint show that Reddy did not act with deliberate indifference to Johnson's skin condition or back pain. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (neither a mere difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1049 (in determining whether a complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

**AFFIRMED.**